IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANDRE J. TWITTY, | : | PRISONER CIVIL RIGHTS |
|     Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
|     Defendant. | : | 1:06-CV-2566-TWT |

## ORDER AND OPINION

Plaintiff, Andre J. Twitty,[1] in custody in the United States Penitentiary in Florence, South Carolina, filed the instant action that the Clerk of Court docketed as a civil rights action. Plaintiff has not paid a filing fee, and, for purposes of dismissal, he is **GRANTED** in forma pauperis status.

**I.   Discussion**

By way of background, Plaintiff was convicted on August 4, 1999, for using an instrument of interstate commerce to make a bomb threat and for threatening to kill a federal official and/or a federal official's immediate family member(s), in violation of 18 U.S.C. §§ 844(e) and 115(a).  See United States v. Twitty, No. 1:98-CR-0374-JOF-JMF-1 (N.D. Ga. Aug. 4, 1999). On January 8, 2002, the Eleventh Circuit Court of Appeals affirmed Plaintiff's conviction and sentence.

---

[1] Plaintiff's federal inmate register number is 18558-18. (See Doc. No. 1 at 5.)

United States v. Twitty, No. 99-12706 (11th Cir. Jan. 8, 2002). The United States Supreme Court thereafter denied certiorari. United States v. Twitty, 535 U.S. 1029 (2002) (No. 01-9256). Plaintiff then filed a 28 U.S.C. § 2255 motion to vacate, and this Court denied that motion by order entered on July 23, 2003. Twitty v. United States, No. 1:02-CV-0246-JOF (N.D. Ga. July 23, 2003).

In the instant filing, Plaintiff, via Fed. R. Civ. P. 60(b), challenges his August 1999 criminal convictions. Plaintiff contends that his convictions are void because the trial court in his criminal case lacked jurisdiction. (Doc. No. 1 at 1-5.) Plaintiff argues that this Court has a legal obligation and duty to review a challenge, such as his, that goes to a criminal trial court's lack of subject matter jurisdiction. (Id. at 6.)

Plaintiff is incorrect as to this Court's authority or obligation, at this date, to review the trial court's jurisdiction. First, a Rule 60(b) motion, being civil in nature, is not an avenue whereby Plaintiff can challenge his criminal convictions or the criminal trial court's subject matter jurisdiction. See United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003). Further, Congress has limited the means by which a convicted felon such as Plaintiff may challenge the court of conviction's jurisdiction or otherwise seek review of his convictions. At this point, after completion of his

direct appeal and after the rejection of his § 2255 motion, the only avenue[2] by which Plaintiff may now challenge the criminal trial court's jurisdiction is by application to the Eleventh Circuit Court of Appeals for permission to file a second § 2255 motion. See 28 U.S.C. § 2244(b)(3)(A); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (holding that once a movant has brought his first § 2255 motion and that motion has been resolved, unless the movant obtains authorization from the federal court of appeals to file a successive § 2255 motion, a federal district court lacks jurisdiction to entertain a second § 2255 motion). Because, Plaintiff has not obtained the Eleventh Circuit Court of Appeals' authorization to file a second § 2255 motion, this Court declines construing the instant filing as a § 2255 motion.

Further, to the extent Plaintiff intended to file a civil rights action, that action is subject to dismissal because Plaintiff, who has not pre-paid the required filing fee, is barred from proceeding in forma pauperis in a civil action. Section § 1915(g) of Title 28 does not allow a prisoner to bring an in forma pauperis civil action in federal court "if the prisoner has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may

---

[2] This Court previously determined that 28 U.S.C. § 2241 was unavailable to Plaintiff because he had not shown that § 2255 was either inadequate or ineffective to test the legality of his detention. See Twitty v. Warden, No. 1:06-CV-0791-TWT (N.D. Ga. June 28, 2006).

be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). When § 1915(g) does not allow a prisoner to proceed in forma pauperis, the complaint should be dismissed without prejudice, and, a prisoner wishing to pursue his or her claims must refile the action with full payment of the filing fee. See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

While incarcerated, Plaintiff has filed at least three civil actions that have been dismissed as frivolous, malicious, or for failure to state a claim. See Twitty v. Hawk-Sawyer, No. 7:00-CV-3192-PMD (D.S.C. March 26, 2002); Twitty v. Deane, No. 1:00-CV-1064-TWT (N.D. Ga. July 18, 2000); Twitty v. Lawson, No. 1:98-CV-3188-TWT (N.D. Ga. March 2, 1999). Plaintiff does not allege that he is in imminent threat of serious injury. Thus, this case is due to be dismissed.

## II.  Conclusion

In light of the foregoing analysis,

**IT IS ORDERED** that the instant action (Doc. No. 1) is **DISMISSED** without prejudice.

**IT IS SO ORDERED**, this __30__ day of __November__, 2006.

_Thomas W. Thrash_
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)